IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02334-CYC

JOHN MIKALL PAUL SWIETLICKI,

    Plaintiff,

v.

JOSHUA LESSAR,

    Defendant.

---

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

    Plaintiff John Mikall Paul Swietlicki asks the Court to compel production of certain items that Defendant Joshua Lessar did not produce in response to written discovery requests. ECF No. 104. The defendant asks the Court to extend the dispositive motions deadline pending consideration of the plaintiff's motion to compel. ECF No. 110. The Court considers each motion in turn.

## BACKGROUND

    The plaintiff commenced this action on September 9, 2022. ECF No. 1. Upon review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A, the Court dismissed two of the plaintiff's claims and dismissed one defendant from the case. ECF No. 17. *Swietlicki v. Burtlow*, No. 22-cv-02334-LTB-KLM, 2023 WL 11955951, at *1 (D. Colo. Apr. 11, 2023). On November 17, 2023, then-Chief Magistrate Judge Hegarty dismissed all claims brought in the Second Amended Complaint except claim three, a First Amendment retaliation claim, as alleged against defendant Lessar. *Swietlicki v. Burtlow*, No. 22-cv-02334-MEH, 2023 WL 11955952, at *7–8 (D. Colo.

Nov. 17, 2023). The Court held a Scheduling Conference, ECF No. 54, and discovery regarding the remaining claim commenced. On October 31, 2024, the Court granted the plaintiff's request to file a Third Amended Complaint, ECF No. 81, which was filed on November 19, 2024, ECF No. 86. During that time, the parties were engaged in discovery and the Court granted several requests to amend the Scheduling Order deadlines. ECF Nos. 58, 59, 60, 62, 64, 68, 69, 70, 77, 79, 89, 90, 92, 93, 94, 95, 96, 97, 98, 100, 101, 103. In the Court's June 9, 2025 Minute Order extending the discovery cut-off to September 2, 2025 and the dispositive motions deadline to October 15, 2025, the Court made clear to the parties that they "**shall be mindful of these deadlines as the Court will not further extend them absent extraordinary circumstances**." ECF No. 103 at 1.

Plaintiff filed his motion to compel on August 22, 2025, prior to the discovery cut-off. In it, he asks the Court to order the defendant to produce (1) video of a December 16, 2021 meeting between the parties, (2) metadata from the electronic Offender Management Information System ("eOMIS") showing the author of entries, and (3) a "duty roster" for the defendant. ECF No. 104 at 1–2.

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) defines the scope of permissible discovery in this action. Fed. R. Civ. P. 26(b)(1). The Rule permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Id*. Federal Rule of Evidence 401 defines relevant evidence as having a tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401(a)–(b). In defining the scope of appropriate discovery, the parties and the Court are directed to consider the importance of the issues at stake in the action, the

amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Rule 37(a) provides that a party may move for an order compelling disclosure or discovery where a party has not disclosed any information or has disclosed evasive or incomplete answers to discovery. Fed. R. Civ. P. 37(a). "The party moving to compel discovery must prove that the opposing party's answers are incomplete" and the "party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P. 26(b)(1)." *Tara Woods Ltd. P'ship v. Fannie Mae*, 265 F.R.D. 561, 566 (D. Colo. 2010). Ultimately, "[t]he administration of the rules lies necessarily within the province of the trial court with power to fashion such orders [as] may be deemed proper to vouchsafe full discovery for the just, speedy and inexpensive determination of the lawsuit." *Robison v. Transamerica Ins. Co.*, 368 F.2d 37, 39 (10th Cir. 1966).

The plaintiff agrees that the defendant has produced the evidence he sought through his request for a "duty roster" for the defendant. ECF No. 111 at 2. As a result, the motion is denied as moot to the extent it asks the Court to compel production of a "duty roster."

With regard to the request for a video of the December 16, 2021 meeting, the defendant's response to the plaintiff's request for production states that no such video currently exists. ECF No. 109-2 at 10. A supplemental response avers that an additional search revealed the same result. ECF No. 109-3 at 5. Furthermore, the defendant maintains that the video did not meet any criteria for retention under CDOC policies and was therefore deleted as a matter of course. "[T]he court cannot compel [the d]efendant[ ] to produce what it says does not exist" and "accepts the representation of counsel, as [an] officer[ ] of this court, as true, pursuant to Rules

3

11 and 26(g) of the Federal Rules of Civil Procedure." *Smith v. Trujillo*, No. 20-cv-00877-RBJ-NYW, 2022 WL 593953, at *7 (D. Colo. Feb. 28, 2022) (citing *Selsor v. Kaiser*, 81 F.3d 1492, 1501 (10th Cir. 1996)). Although the plaintiff protests that the defendant should have known to preserve the video, ECF No. 111 at 3, the fact remains that the Court cannot compel the production of a non-existent video. Accordingly, the Court denies the motion to the extent it seeks to compel production of a video recording of the December 16, 2021 meeting between the plaintiff and the defendant.

The plaintiff also asks the Court to compel the defendant to produce metadata from eOMIS showing the author for each entry in the plaintiff's chronological file. ECF No. 104 at 1–2. However, the plaintiff does not explain how the author metadata for the entries in his chronological file are relevant. His claims against the defendant are limited to the December 16, 2021 meeting at which the defendant allegedly asked him what he had against the Boy Scouts and told him to "tell it to the judge," ECF No. 86 at 10–11, and his allegation that while he was away from his facility from April 18 until April 23, 2024, the defendant stole some of the plaintiff's personal items from the property room storage area in retaliation for the plaintiff's filing of grievances. *Id*. at 12–14. To be sure, the author field might be available, ECF No. 111 at 2, but regardless, the party compelling production must explain why the information sought is relevant to a claim or defense and the plaintiff's statement that the information exists is not sufficient to establish relevance. *See Ark. River Power Auth. v. Babcock & Wilcox Power Generation Grp., Inc.*, No. 14-cv-00638-CMA-NYW, 2015 WL 2128312, at *13 (D. Colo. May 5, 2015) (declining to order production of metadata when the movant did "not explain why it need[ed] the" information). The plaintiff has not done so.

And even if the author metadata was relevant, all discovery is subject to the proportionality limitations imposed by Rule 26(b)(2)(C). *See* Fed. R. Civ. P. 26(b)(1). Therefore, while the Court may order discovery of any matter relevant to the issues in dispute, it "must limit the frequency or extent of discovery" under certain circumstances. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). It is incumbent upon the Court to consider how much discovery is reasonable in a given case in light of the claims and defenses asserted, the significance of the discovery sought to the propounding party, and the costs and burden to the producing party. *Id*. The Federal Rules of Civil Procedure also permit a court to restrict or preclude discovery in order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c). The defendant argues that the author metadata is not currently available and, while eOMIS is being updated to correct this issue, "[i]t is unknown how long it will take for the issue to be addressed." ECF No. 109 at 5. Regardless, "information identifying the author of each entry is not available for the chronological files at issue here." *Id*. The defendant offers Christyl Walters' declaration in support of these statements. ECF No. 109-7. The plaintiff is not dissuaded. He states that he "will not object to an extension of time to allow Defendant time to gather this information." ECF No. 111 at 2. However, the Court does not find the author metadata to be relevant and, even if it was somehow relevant to the issues in dispute, it is not available. As noted above, the Court will not order a party to produce information that does not exist. Further, it is not reasonable to hold up this litigation while the Colorado Department of Corrections updates eOMIS.

## **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the plaintiff's Motion to Compel Discovery, ECF No. 104, is **DENIED**.

5

It is further ORDERED that the Defendant's Motion for Extension of the Deadline for Dispositive Motions, ECF No. 110, is **DENIED as moot.** However, to allow the parties to finalize any dispositive motions they intend to file, it is hereby ORDERED that the dispositive motions deadline is sua sponte extended from October 15, 2025 to **October 24, 2025**.

Entered this 17th day of October, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge