IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02334-CYC

JOHN MIKALL PAUL SWIETLICKI,

     Plaintiff,

v.

JOSHUA LESSAR,

     Defendant.

---

### ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on Plaintiff John Mikall Paul Swielicki's Motion for Contempt, ECF No. 115. For the reasons stated herein, the motion is denied.

### ANALYSIS

In the civil contempt context, a plaintiff has the burden of proving, by clear and convincing evidence, that a valid court order existed, that the nonmovant had knowledge of the order, and that the nonmovant disobeyed the order. *F.T.C. v. Kuykendall*, 371 F.3d 745, 756–57 (10th Cir. 2004); *Stransky v. HealthONE of Denver, Inc.*, 929 F. Supp. 2d 1100, 1113 (D. Colo. 2013). Once that showing is made, "the burden then shift[s] to [the nonmovant] to show either that he had complied with the order or that he could not comply with it." *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008).

The plaintiff states that on October 3, 2025, "John/Jane Doe(s) at Fremont Correctional Facility denied a scheduled visit" with the defendant's counsel in contravention of now-retired Magistrate Judge Hegarty's July 1, 2024 order directing the Colorado Department of Corrections

and the Fremont Correctional Facility to allow the plaintiff telephone or WebEx visits with opposing counsel. ECF No. 115 at 1. It is true that on July 1, 2024, Judge Hegarty, who was presiding over this case on that date, entered an order stating: "If defense[ ] counsel needs to meet with Plaintiff, defense counsel may do so by scheduling telephonic or Webex meetings through Fremont Correctional Facility's visiting department." ECF No. 70 at 1. And parties can be held in contempt for violating a court order. *See, e.g., Stransky*, 929 F. Supp. 2d at 1113. But the plaintiff cannot seek to hold the defendant in contempt for something a third-party did. As noted above, civil contempt requires clear and convincing evidence that a valid court order existed, that the nonmovant had knowledge of the order, and that the nonmovant disobeyed the order. *Stransky*, 929 F. Supp. 2d at 1113; *see F.T.C.*, 371 F.3d at 758–59 (noting that it was proper to hold one defendant in contempt, but not others because there was no evidence that the other defendants failed to comply with the order). The plaintiff does not offer evidence that the defendant disobeyed the July 1, 2024 order. As a result, the motion must be denied as to the defendant. *See Christ Ctr. of Divine Phil, Inc. v. Elam*, No. CIV-16-65-D, 2018 WL 8264339, at *2 (W.D. Okla. Feb. 5, 2018) (denying motion for contempt when third parties, not the defendant, conducted internet sales of books); *cf. Garcia v. Experian Info. Sols.*, No. 22-cv-02769-GPG-KAS, 2025 WL 3684240, at *1 (D. Colo. Dec. 18, 2025) (denying motion for contempt when the defendant took reasonable steps to comply with court order and mailed documents to the plaintiff, but the prison did not deliver them).

While third parties can be held in contempt, the plaintiff must make the same showing with regard to the third party, *Dutch Heritage Garden Inc. v. Kroger Co.*, No. 24-cv-00757-GPG-NRN, 2025 WL 3264459, at *1 (D. Colo. Nov. 24, 2025), and the plaintiff offers no evidence that the unidentified individuals at the Fremont Correctional Facility "had knowledge

2

of the court order." *Stransky*, 929 F. Supp. 2d at 1113. As a result, the motion must be denied to the extent it seeks a finding of contempt as to the unidentified third parties.

## **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the plaintiff's Motion for Contempt, ECF No. 115, is **DENIED**.

Entered this 29th day of May, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge