IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02334-CYC

JOHN MIKALL PAUL SWIETLICKI,

Plaintiff,

v.

JOSHUA LESSAR,

Defendant.

---

**MEMORANDUM OPINION AND ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Pro se plaintiff John Swietlicki, a state prisoner, alleges that defendant Joshua Lessar, the mailroom lieutenant at Fremont Correctional Facility ("FCF"), engaged in various acts of retaliation against him, violating his First Amendment rights. ECF No. 86. The defendant moves for summary judgment. ECF No. 113. Because genuine disputes of material fact exist with respect to the plaintiff's claim that the defendant retaliated against him by reading his legal mail in late 2021—and only that claim—the motion is **GRANTED** in part and **DENIED** in part.

## PROCEDURAL HISTORY

The plaintiff initially filed this action in September 2022. ECF No. 1. He twice amended his complaint, ECF Nos. 8, 13, and the parties consented to magistrate-judge jurisdiction. ECF No. 29. Magistrate Judge Michael E. Hegarty, who was then presiding over the case, granted a motion to dismiss in part, but denied it with respect to a claim that the defendant retaliated against the plaintiff for filing grievances by reading his legal mail. *Swietlicki v. Burtlow*, No. 22-cv-02334-MEH, 2023 WL 11955952, at *5–8 (D. Colo. Nov. 17, 2023).

Judge Hegarty subsequently granted the plaintiff leave to file a third amended complaint. ECF No. 81. Rather than ruling upon a concrete amendment proposed by the plaintiff, Judge Hegarty permitted him to "reiterat[e] only his remaining . . . claim as alleged against [the defendant]," including certain new factual allegations unknown at the time of the second amended complaint, but prohibited him from restating "any claims or Defendants previously dismissed from this case." *Id.* at 5. The plaintiff filed the Third Amended Complaint, ECF No. 86, which is now the operative pleading.

Upon Judge Hegarty's retirement, the case was transferred to the undersigned. ECF No. 91. This motion followed. ECF No. 113.

## FACTS

Unless otherwise stated, the following facts are undisputed and identified by reference to "particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A), viewed in the light most favorable to the plaintiff.

At FCF, the defendant supervised mailroom staff, ensured that proper procedures and policies were followed, and reviewed mailroom-related grievances, but was not directly responsible for processing mail. *See* ECF No. 116 at 4; 113-2 ¶¶ 4–5. In November 2021, the plaintiff received damaged photographs. *See* ECF No. 116 at 4. The defendant reviewed and responded to the plaintiff's three separate grievances regarding the photographs, *see* ECF No. 113-2 ¶ 7; ECF No. 113-15 at 12–15, and although skeptical of any intentional malfeasance by mailroom staff, finding that "human error may have occurred" in the handling of the photographs, the defendant granted relief for two of the grievances by providing the plaintiff a new, complete set of the photos. ECF No. 113-15 at 12, 15. The defendant personally delivered

the set to the plaintiff on December 16, 2021, ECF No. 113-2 ¶ 7, which was the parties' only interaction, ECF No. 116 at 4; ECF No. 113-2 ¶ 6.

In April 2024, the plaintiff fully grieved the removal of certain items from his property box. *See* ECF Nos. 113-12 at 2, 113-13 at 2, 113-14 at 2. He did not name the defendant in these grievances, and the defendant did not respond to them. *Id.* Responding staff concluded that there was no evidence that the items in his legal box were searched, removed, or missing, *id.*, and the defendant denies removing any items from the plaintiff's legal box. ECF No. 113-2 ¶ 9.

**ANALYSIS**

Liberally construed, as a court must do, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Third Amended Complaint asserts six claims of retaliation, alleging that the defendant: (1) prevented the delivery of family photographs sent to the plaintiff in August 2021, ECF No. 86 ¶¶ 16–20, 25; (2) caused him to receive only five of seven resent photographs in November 2021, *id.* ¶¶ 21, 25; (3) caused him to receive a "severely crumpled set" of the photos later that month, *id.* ¶¶ 22, 25; (4) read his confidential legal mail in December 2021 as retaliation for grievances about the photos, *id.* ¶¶ 23–26; (5) opened and read different confidential legal mail outside his presence in July 25, 2022 as retaliation for another grievance, *id.* ¶¶ 27–33; and (6) removed four items from his "legal box" in the property room in April 2024, while the plaintiff was temporarily away from FCF, *id*. ¶¶ 34–45.

Under Judge Hegarty's previous orders, only the fourth and sixth claims are properly before the Court. The fourth claim has disputed issues of material fact at its core, but the sixth suffers from a lack of evidence.

## I. Claims Properly Before the Court

Most of the retaliation claims enumerated above are not properly before the Court. In granting leave for an amended complaint, Judge Hegarty prohibited restatement of "any claims

or Defendants previously dismissed from this case." ECF No. 81 at 5. Judge Hegarty dismissed with prejudice the plaintiff's retaliation claims about the withholding of photographs and the July 2022 reading of his legal mail, finding that they failed to state plausible claims for retaliation. *Swietlicki*¸ 2023 WL 11955952, at *6–8. The Third Amended Complaint's reiteration of these claims, ECF No. 86 ¶¶ 16–25, 27–33, is therefore contrary to Judge Hegarty's order.

Accordingly, only the fourth and sixth claims listed above are properly before the Court.

## II. Summary Judgment on Claims Four and Six

The defendant moves for summary judgment on those claims. A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986). "A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc*., 259 F.3d 1226, 1231–32 (10th Cir. 2001) (quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "The moving party has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quotation marks omitted).

If the moving party satisfies its initial burden, the non-moving party "may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.* (quotation marks omitted). The specific "facts must be identified by reference to affidavits, deposition transcripts, or specific

exhibits incorporated therein." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007). Affidavits and testimony "must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021, 1030–31 (10th Cir. 2022) (quotation marks omitted). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

The remaining claims both assert retaliation. In order to establish a 42 U.S.C. § 1983 claim for First Amendment retaliation, the plaintiff must prove three elements: (1) he engaged in constitutionally protected activity; (2) the defendant's actions would have chilled a person of ordinary firmness from continuing that activity; and (3) the defendant's adverse actions were substantially motivated by the plaintiff's exercise of constitutionally protected activity. *Parkhurst v. Shannon*, 172 F.4th 1176, 1182 (10th Cir. 2026) (citing *Leverington v. City of Colo. Springs*, 643 F.3d 719, 729 (10th Cir. 2011)).

**a. April 2024 Claim of Theft from Legal Box**

The plaintiff's claim alleging that the defendant removed items from his legal box in April 2024 suffers from a lack of record evidence that the defendant played any role in the alleged disappearance of the plaintiff's belongings. The only evidence the plaintiff puts forward is a sworn declaration from a fellow prisoner attesting that the plaintiff put certain items in his legal box, which were missing upon the plaintiff's return to FCF in April 2024. *See* ECF No. 116 at 6–7. To the extent the affidavit can be considered, *see Law Co. v. Mohawk Const. & Supply Co.*, 577 F.3d 1164, 1169–70 (10th Cir. 2009), it does not show anything about the defendant's involvement with the disappearance of those belongings. The plaintiff protests that it is

inherently difficult to prove theft, especially when it takes place outside his presence, observed only by persons adverse to him. ECF No. 116 at 2. Nevertheless, "[i]t is not enough for the party opposing a properly supported motion for summary judgment to rest on mere allegations or denials of his pleadings." *Ward v. City of Hobbs*, 398 F. Supp. 3d 991, 1031 (D.N.M. 2019) (quoting *Liberty Lobby*, 477 U.S. at 259). That is all the plaintiff has here. Summary judgment shall therefore enter on this portion of his claim.

**b. Claim of Retaliatory Reading of Legal Mail**

That leaves the plaintiff's claim that the defendant retaliated against him for filing grievances by reading his legal mail in late 2021. As pled, the defendant revealed his knowledge of the legal mail's contents by asking the plaintiff, "What have you got against the Boy Scouts, anyway?" ECF No. 86 ¶ 24. The legal mail apparently involved a claim against the Boy Scouts regarding sexual abuse, a fact that the plaintiff had not divulged to FCF staff and, accordingly, the plaintiff inferred that the defendant must have read the legal mail to gain this knowledge. *Id.* ¶ 26. When evaluating the claim as pled, Judge Hegarty concluded that the plaintiff had plausibly established a retaliatory motive for this conduct because: (1) during the same exchange, the defendant stated that "he was not violating the Plaintiff's rights—a logical reference to Plaintiff's grievances and/or his threats of legal action"; (2) the same day the defendant made these statements, the plaintiff's November 30, 2021 grievance "asserting retaliation and harassment regarding the damaged photographs he received" was granted; and (3) the plaintiff "had two other November 2021 grievances pending regarding the refusal and withholding" of his photographs at that time. *Swietlicki*, 2023 WL 11955952, at *7 (internal quotation marks, alterations, and citations omitted).

On summary judgment, the defendant's primary contention is that there is insufficient evidence of retaliatory motive. ECF No. 113 at 4–6; ECF No. 120 at 4–5. But this argument does not stem from the evidence now diverging from the factors in Judge Hegarty's analysis. To the contrary, record evidence now confirms them: it shows that the defendant denied violating the plaintiff's rights during the same exchange in which he allegedly made the Boy Scouts comment, *see* ECF No. 113-6 at 5; granted the plaintiff's grievance for the damaged photos the same day as the exchange, ECF No. 113-15 at 15; and reviewed the plaintiff's other photo-related grievances around the same time, *id.* at 12–14. The defendant never moved for reconsideration of Judge Hegarty's order, and his argument seems only to ask now for a different result with the same factors in place on summary judgment. This does not explain why, as a matter of law, the evidence is insufficient "to allow a reasonable jury to find in [the plaintiff's] favor." *Young v. Rios*, No. CIV-15-641-G, 2025 WL 1570984, at *2 (W.D. Okla. June 3, 2025) (citing *Garrison v. Gambro, Inc.*, 438 F.3d 933, 935 (10th Cir. 2005)). It therefore gives no basis to grant summary judgment.

The defendant also alludes somewhat vaguely to the plaintiff's inability to present non-speculative evidence that the defendant read his legal mail. ECF No. 113 at 2. But Judge Hegarty found that this was reasonably inferable from the defendant's question about the Boy Scouts, *Swietlicki*, 2023 WL 11955952, at *7, and while the defendant denies making any such comment, ECF No. 113-2 ¶ 8, he never argues that the plaintiff lacks evidence that it happened. It is true that, on the record before the Court, all that exists regarding that question are allegations in the Third Amended Complaint, which is unsworn. But the defendant makes no argument that the unsworn complaint (or whatever other evidence surfaced during discovery) does not suffice to stave off summary judgment; the argument is therefore forfeited. *See, e.g.*, *John Bean Tech.*

*Corp. v. B GSE Grp., LLC*, 480 F. Supp. 3d 1274, 1316 n. 293 (D. Utah 2020). To the extent the argument is that the Court ought to believe the defendant over the plaintiff regarding the Boy Scouts remark, a court may not weigh credibility on summary judgment. *See Bethel v. Berkshire Hathaway Homestate Ins. Co.*, No. 17-cv-01456-CMA-KLM, 2021 WL 4307075, at *2 (D. Colo. Sep. 21, 2021).

The defendant argues further that he could have learned about the lawsuit without having read the plaintiff's legal mail. ECF No. 120 at 6. But a plaintiff need not eliminate every alternative fount for the defendant's knowledge of the Boy Scouts lawsuit to withstand summary judgment. *See Duda v. Elder*, No. 18-cv-02890-RBJ, 2020 WL 6290383, at *8 (D. Colo. Oct. 27, 2020) (quoting *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 256 (1981)) (teaching that the burden on the party opposing summary judgment is "simply one of production, not persuasion" and is "not onerous"). In all events, a court is obligated to draw all favorable inferences in favor of the non-moving party, *Pepsi-Cola Bottling Co.*, 431 F.3d at 1255, and in the absence of contrary, undisputed evidence, the inference that the defendant knew of undisclosed information in legal mail by reading the legal mail is not an unreasonable one.

Finally, the defendant argues that he is entitled to qualified immunity because there has been no establishment of a violation of clearly-established constitutional rights. ECF No. 113 at 8–9; ECF No. 120 at 6–7. Judge Hegarty previously found that the defendant was "not entitled to qualified immunity" because it "was clearly established at the time of that event that prisoners have a First Amendment right to be free from retaliation for filing administrative grievances." *Swietlicki*, 2023 WL 11955952, at *7 (citing *Fogle v. Infante*, 595 F. App'x 807, 810 (10th Cir. 2014)). The defendant provides no reason that Judge Hegarty's ruling then was incorrect, nor why the evidence since developed warrants departing from it.

Accordingly, summary judgment on the part of the plaintiff's retaliation claim asserting that the defendant read his legal mail in late 2021 is inappropriate.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the defendant's Motion for Summary Judgment, ECF No. 113, is **GRANTED** in part and **DENIED** in part. That part of the plaintiff's claim alleging that the defendant retaliated against him by reading his legal mail in late 2021 may proceed to trial. At the conclusion of this case, **JUDGMENT** shall enter in favor of the defendant on the portion of the plaintiff's claim relating to the April 2024 removal of the plaintiff's belongings.

It is further **ORDERED** that a Final Pretrial Conference is set for November 17, 2026 at 11:30 a.m.

Dated this 17th day of September, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge